
# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4956 | **DATE** | 7/19/2002 |
| **CASE TITLE** | Dorothy J. Thomas vs. The State of Illinois et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's petition to proceed in forma pauperis is denied, and her complaint is dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | JUL 2 3 2002 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| | | date mailed notice |
| WAH | courtroom deputy's initials | |
| | Date/time received in central Clerk's Office | mailing deputy initials |

02 JUL 22 AM 9:23
U.S. DISTRICT COURT
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOROTHY J. THOMAS, )
)
    Plaintiff, )
)
vs. ) No. 02 C 4956
)
THE STATE OF ILLINOIS, et al., )
)
    Defendants. )

DOCKETED
JUL 2 3 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Dorothy Thomas brings this complaint alleging constitutional violations and pendent state claims. Along with her complaint plaintiff has filed an application to proceed *in forma pauperis*. For the following reasons, plaintiff's petition to proceed *in forma pauperis* is denied.

Under 28 U.S.C. § 1915(a) the court may authorize a plaintiff to proceed *in forma pauperis* if she is unable to pay the prescribed court fees. The application here indicates that plaintiff is currently unemployed. While she states she receives some money from public aid, plaintiff does not identify any other source of savings or income. On these facts, she has established her inability to pay court fees.

Our inquiry does not end with a finding of indigency, however. Under section 1915 we must conduct an initial review of plaintiff's claims and dismiss the action if we find that the action is frivolous or malicious; it fails to state a claim on which relief may be granted; or petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruy, 13 F.3d 1036, 1039 (7th Cir. 1994). This action does not appear to be frivolous or malicious. Under the Eleventh Amendment, the State of Illinois and

the Department of Children and Family Services are both immune from liability. For the following reasons, the remaining defendants are also shielded from liability.

The facts of this case are taken from plaintiff's complaint. Plaintiff is the maternal grandmother of a nineteen-year-old and two minor children and brings this action on her own behalf and on behalf of her grandchildren. While difficult to read, the complaint appears to allege that on July 12, 2000, the Department of Children and Family Services (DCFS), by order of the Juvenile Court, took the two minor grandchildren into protective custody. Plaintiff alleges that this was done with no prior notice to her. Plaintiff had been caring for the children, and had allegedly made a contract with DCFS to be the children's relative guardian.

Plaintiff argues that the two minor children should not have been removed from her care without a showing of probable cause, and that the removal violated her Fourth and Fourteenth Amendment rights. She also alleges that DCFS breached its contract with her and intentionally inflicted harm when it removed the children without preparing her or the children for the separation. Finally, plaintiff alleges that defendants conspired to unlawfully remove the grandchildren, and additionally conspired to abuse and cover up abuse of her nineteen-year-old granddaughter, including rape by a DCFS agent and unlawfully placing her in a mental institution to keep her from testifying against DCFS.

It is well established that the state is limited in its power to regulate family relationships. Prince v. Massachusetts, 321 U.S. 158 (1944). Courts have recognized that parents have a constitutionally protected right to raise their children, and children have a right to be raised by their parents. Troxel v. Granville, 530 U.S. 57 (2000). This right is not absolute, and a state may intervene in a family relationship where there is a strong

governmental interest such as the prevention of child abuse. Berman v. Young, 291 F.3d 976, 983 (7th Cir. 2002).

Here we have a grandmother who alleges that she was caring for her grandchildren, she had an oral contract with DCFS that she would be their foster parent, and defendants intervened in their relationship without probable cause and without affording her due process. While the Seventh Circuit has found that a non-biological foster parent does not have a constitutionally protected liberty interest in the family relationship with the foster children, see Procopio v. Johnson, 994 F.2d 325, 329 (7th Cir. 1993), is not clear what rights and due process are afforded a foster parent who is a biological relative of the foster children.

It is this lack of clarity regarding the rights of relative foster families that protects defendants from liability. Under the doctrine of qualified immunity government actors performing discretionary functions are shielded from liability as long as they do not violate clearly established constitutional rights. Berman, 291 F.3d at 983. Since plaintiff's constitutional rights are not firmly established by statute or caselaw, defendants cannot be liable for their alleged violations.

For the above reasons, plaintiff's petition to proceed *in forma pauperis* is denied and her complaint is dismissed without prejudice.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 19, 2002.

# United States District Court
## Northern District of Illinois
### Eastern Division

Dorothy J. Thomas            **JUDGMENT IN A CIVIL CASE**

v.            Case Number: 02 C 4956

The State of Illinois et al.

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's petition to proceed in forma pauperis is denied and her complaint is dismissed without prejudice.

Michael W. Dobbins, Clerk of Court

Date: 7/19/2002

Willie A. Haynes, Deputy Clerk